IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58 TRUST FUND, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 15-cv-03343 ) |
| JENNINGS BROS., INC., | ) ) |
| Defendant. | ) |

# OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Jennings Bros., Inc.'s Special and Limited Appearance (d/e 7), which the Court construes as a Motion to Dismiss. The Motion is DENIED. A dissolved corporation can be sued for a period of five years after its dissolution and dissolution does not abate a pending case. Moreover, service on the registered agent on record with the Illinois Secretary of State as of the date of dissolution was proper.

# I. BACKGROUND

On December 7, 2015, Plaintiffs Painters District Council No. 58 401(k) Trust Fund; Painters District Council No. 58 Fringe Benefit Funds; International Painters and Allied Trades Industry Pension Fund; and Illinois State Painters Health and Welfare Fund filed a Complaint against Defendant Jennings Bros., Inc. under the Employment Retirement Income Security Act of 1974 (ERISA) for delinquent fringe benefit contributions.  On December 8, 2015, summons was issued to "Constance C. Jennings, Registered Agent, JENNINGS BROS., INC." and forwarded to Plaintiffs' attorney for service (d/e 3).  On January 11, 2016, summons was returned executed (d/e 5).  The proof of service reflects that personal service was made on Constance C. Jennings on January 7, 2016.  Id.

On February 11, 2016, after receiving an extension of time to respond to the Complaint, Defendant's counsel filed a "Special and Limited Appearance" (d/e 7) which appeared on the docket as a "Notice of Appearance of Attorney."  In the Special and Limited Appearance, Defendant challenges Defendant's capacity to be sued and objects to service of process on Jennings.  Defendant asserts that, effective December 11, 2015, Defendant corporation was

involuntarily dissolved by the Illinois Secretary of State. Defendant asserts that, because the corporation ceased to exist at the latest on December 11, 2015, Defendant had no capacity to be sued, and Jennings was no longer a registered agent subject to service of process. Defendant requests that the Court quash service of summons and dismiss the Complaint for lack of jurisdiction over Defendant.

On March 8, 2016, after receiving an extension of time to respond, Plaintiffs responded to what Plaintiffs characterized as Defendant's Motion to Dismiss (d/e 9). After expressing uncertainty as to the Rule under which Defendant's motion is brought, Plaintiffs assert that Defendant clearly had the capacity to be sued, and Plaintiffs properly effected service of the Complaint.

## II. ANALYSIS

The Court initially notes that the purpose of Rule 12(b), which provides how a defense must be asserted, was to eliminate the need for special appearances to challenge jurisdiction. <u>Beveridge v. Mid-West Mgmt., Inc.</u>, 78 F. Supp. 2d 739, 742 (N.D. Ill. 1999); <u>see</u> <u>also</u> <u>United States v. Republic Marine, Inc.</u>, 829 F.2d

1399, 1402 (7th Cir. 1987) ("the general rule in civil cases is now (and has been for some time) that any appearance in an action is a general appearance").  As such, Defendant improperly filed a Special and Limited Appearance as opposed to a motion to dismiss. The Court also notes that the Court's Local Rules require that a motion raising a question of law include a memorandum of law:

> Every motion raising a question of law (except summary judgment motions, which are governed by Subparagraph (D) of this Rule) must include a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identify the Rule under which the motion is filed.

CDIL-LR 7.1(B)(1).   Defendant did not comply with the Local Rule.

However, Plaintiffs do not object on those grounds.  Moreover, the Court agrees with Plaintiffs that the Motion should be denied on the merits.

The capacity of a corporation to sue or be sued is determined by the law under which it was organized.  Fed.R.Civ.P. 17(b)(2). Defendant was organized under Illinois law.  See Pls. Response, Exhibit 1 (Corporation File Detail Report) (d/e 9-1).  Therefore, Illinois law determines whether Defendant has the capacity to be sued.

Under Illinois law, dissolution of a corporation does not prevent suit against the corporation in its corporate name or abate a civil, criminal or other proceeding pending against the corporation on the effective date of dissolution. 805 ILCS 5/12.30(c)(4), (c)(5). Here, the case was filed December 7, 2015 and was pending on the effective date of the dissolution, December 11, 2015. Therefore, dissolution did not abate this cause of action. Moreover, even if the case were not considered pending before the dissolution, a suit may be brought against a dissolved corporation within five years after the date of dissolution. 805 ILCS 5/12.80. Plaintiffs filed this action well within the five-year period. Consequently, Defendant has the capacity to be sued in this case.

The Court also finds that Plaintiffs properly served Defendant by serving Defendant's registered agent, Constance C. Jennings. See Pls. Mot., Exhibit 1 (d/e 9-1) (Corporation File Detail Report Showing Constance C. Jennings as the agent and president of the corporation); see also http://www.ilsos.gov/corporatellc/

(last visited March 21, 2016). By Illinois statute, the registered agent of a corporation upon dissolution is an agent of the corporation upon whom service of process can be had unless the agent resigns or the corporation reports a change of registered agent:

> In the event of dissolution of a corporation, either voluntary, administrative, or judicial, the registered agent and the registered office of the corporation on record with the Secretary of State on the date of the issuance of the certificate or judgment of dissolution shall be an agent of the corporation upon whom claims can be served or service of process can be had during the 5-year, post-dissolution period provided in Section 12.80 of this Act, unless such agent resigns or the corporation properly reports a change of registered office or registered agent.

805 ILCS 5/5.05; see also 805 ILCS 5/5.25(b) (providing the circumstances under which process may be served on the Secretary of State); Fed.R.Civ.P. 4(h)(1)(A), (B) (providing for service upon a corporation in a judicial district of the United States either in the manner prescribed by Rule 4(e)(1) for serving an individual or delivering a copy of the summons and the complaint to an agent authorized by appointment or law).

Here, Plaintiffs served the registered agent on file with the Secretary of State on the date of dissolution, and Defendant has

presented no evidence that the registered agent resigned or that Defendant reported a change of registered agent. Therefore, service on Jennings, Defendant's registered agent, was appropriate.

### III. CONCLUSION

For the reasons stated, Defendant's Special and Limited Appearance (d/e 7), which the Court treats as a Motion to Dismiss, is DENIED. Defendant shall answer or otherwise plead on or before April 4, 2016.

**ENTER: March 21, 2016**

**FOR THE COURT:**

   **s/Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**